TCS MANUFACTURING, INC., EMPLOYEES PENSION TRUST, R. J. PEARSON, TRUSTEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
TCS Mfg., Inc. v. Commissioner
Docket No. 27722-88
United States Tax Court
T.C. Memo 1990-601; 1990 Tax Ct. Memo LEXIS 676; 60 T.C.M. (CCH) 1312; 12 Employee Benefits Cas. (BNA) 2829; T.C.M. (RIA) 90601; November 26, 1990, Filed *676 Decision will be entered for the respondent. Roger J. Pearson, pro se. Raymond M. Boulanger, for the respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioner's Federal income tax for the fiscal year ending March 31, 1980, in the amount of $ 2,223, an addition to tax under section 6651(a)(1) [1] in the amount of $ 555.75, and an addition to tax under section 6651(a)(2) in the amount of $ 500.18. *679 The issue for decision is whether the TCS Manufacturing, Inc., Employees Pension Trust constitutes a "qualified trust" under section 401(a) for its fiscal year ending March 31, 1980, so that the income earned by the trust is tax exempt under section 501(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioner's principal place of business was in Orchard Park, New York, when it filed its petition in this case. Roger J. Pearson (Pearson) was the president and sole shareholder of TCS Manufacturing, Inc., at all relevant times. On March 1, 1974, TCS Manufacturing, Inc., adopted the TCS Manufacturing Inc. Employees Pension Plan (the Plan) and the TCS Manufacturing Inc. Employees Pension Trust (the Trust). Marine Midland Bank, N.A. (Marine Midland) was the original trustee of the Trust. Marine Midland applied to respondent for qualification of the Plan and on June 17, 1974, prior to the enactment of the Employee Retirement Income Security Act of 1974 (ERISA), Pub. L. 93-406, 88 Stat. 829, respondent issued a determination letter indicating that the *680 Trust was qualified for favorable tax treatment under section 401. After ERISA and its corresponding counterparts, under subchapter D of the Internal Revenue Code, were enacted, existing pension plans were required to meet new standards with respect to allowable benefits and contributions. Marine Midland requested that Pearson, as president and sole shareholder of TCS Manufacturing, Inc., file the necessary amendments in order to comply with ERISA and the new provisions under subchapter D of the Internal Revenue Code. Because Pearson refused to file such amendments, Marine Midland resigned as trustee of the Trust in 1978. However, Pearson never informed Marine Midland that a successor trustee had been named. Pearson had in fact succeeded to Marine Midland as trustee on June 14, 1978. Marine Midland retained possession of the Trust funds, since it had no authority to transfer them. Pearson, as trustee, subsequently amended the Plan and the Trust to meet the standards of ERISA. In response to an application by petitioner, on January 13, 1984, respondent issued a retroactive favorable determination letter conditioned on limiting petitioner's deduction for contributions and *681 requiring the inclusion of corresponding amounts in the income of the participant (Pearson) in the Trust. However, Pearson has refused to include the corresponding amounts in his income as required by the retroactive favorable determination letter. Marine Midland ultimately brought an action in Federal District Court requesting permission to account for its activities with respect to the Trust from 1974 through 1984. Marine Midland requested that the District Court approve and release Marine Midland from any liability to the Trust. Marine Midland also requested District Court approval to file U.S. Fiduciary Income Tax Returns (Form 1041) for the Trust on the grounds that Trust income was not tax exempt since it had not complied with ERISA. The District Court directed Marine Midland to file the necessary tax returns and to pay any taxes, additions, and interest owing unless Pearson qualified the Trust as tax exempt with respondent within 90 days. Pearson declined to take any action, so Marine Midland filed the tax returns and paid the taxes, additions, and interest owing on August 30, 1985. For the taxable year ending March 30, 1980, the Form 1041 filed by Marine Midland showed *682 interest income of $ 11,061 and Federal income tax due in the amount of $ 2,223. Subsequently Pearson, as trustee, filed amended Form 1041 returns and Forms 843, Claim For Refund, for the year at issue as well as for years not at issue. The claims for refund for years not at issue were denied. Inadvertently, however, respondent abated the Trust's taxes, additions, and interest for the taxable year ending March 31, 1980, and issued a refund to the Trust. Upon subsequent investigation and a determination that the refund was erroneous, a notice of deficiency was issued to the Trust for the amounts set forth in the original Form 1041 for the year at issue filed by Marine on August 30, 1985. OPINION Section 401(a) provides conditions under which a trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust. Section 501(a) provides that an organization described in section 401(a) shall be exempt from taxation under subtitle A unless such exemption is denied under section 502 or section 503. Thus, in order for *683 petitioner to be exempt from taxation, it must constitute a qualified trust under section 401(a). Section 401(a)(16) provides that a trust does not constitute a qualified trust if the plan provides for benefits or contributions in excess of the limitations of section 415. Section 415(a)(1)(B) provides that such a trust will not qualify if "in the case of a defined contribution plan, contributions and other additions under the plan with respect to any participant for any taxable year exceed the limitation of subsection (c)." Section 415(c)(1) provides as follows: (1) IN GENERAL. -- Contributions and other additions with respect to a participant exceed the limitations of this subsection if, when expressed as an annual addition (within the meaning of paragraph (2)) to the participant's account, such annual addition is greater than the lesser of -- (A) $ 25,000, or (B) 25 percent of the participant's compensation. Section 415(c)(2) provides in relevant part: (2) ANNUAL ADDITION. -- For purposes of paragraph (1), the term "annual addition" means the sum for any year of -- (A) employer contributions, (B) the lesser of -- (i) the amount of *684 the employee contribution in excess of 6 percent of his compensation, or (ii) one-half of the employee contributions, and (C) forfeitures. The foregoing provisions were enacted on September 2, 1974, after the issuance of respondent's favorable determination letter, as counterparts to the simultaneously enacted ERISA. Section 401(b) provides as follows: (b) CERTAIN RETROACTIVE CHANGES IN PLAN. -- A stock bonus, pension, profit-sharing, or annuity plan shall be considered as satisfying the requirements of subsection (a) for the period beginning with the date on which it was put into effect, or for the period beginning with the earlier of the date on which there was adopted or put into effect any amendment which caused the plan to fail to satisfy such requirements, and ending with the time prescribed by law for filing the return of the employer for his taxable year in which such plan or amendment was adopted (including extensions thereof) or such later time as the Secretary may designate, if all provisions of the plan which are necessary to satisfy such requirements are in effect by the end of such period and have been made effective for all purposes for the whole of *685 such period.
Respondent has issued a retroactive favorable determination letter to the Trust in accordance with section 401(b). However, such letter was conditioned on the inclusion of certain amounts previously contributed to the Trust in Pearson's income. At trial, Pearson testified that he has refused to include such amounts in his income because they represent "fictitious income." Petitioner failed to introduce evidence establishing that the alleged "fictitious income" is not properly includable in Pearson's income for the periods in question. We therefore hold that petitioner has failed to establish that it was a qualified trust under section 401(a) during the year at issue, and that the interest earned by the Trust during such year is not tax exempt under section 501(a). Respondent's determination is sustained. Additions to Tax
Section 6651(a)(1) provides for an addition to tax for the failure to timely file a tax return. Section 6651(a)(2) provides for an addition to tax for the failure to pay the income tax shown on the return. In order to avoid the additions to tax under section 6651(a)(1) and (2), a taxpayer must show both reasonable cause and *686 a lack of willful neglect. .The term "willful neglect" implies a conscious, intentional failure to file or reckless indifference to the obligation to file a return or pay a tax. A failure to file or pay is due to "reasonable cause" if the taxpayer exercised ordinary business care and prudence and was, nevertheless, unable to file his return or pay a tax within the time prescribed by law. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; ; .Whether the elements which constitute reasonable cause or willful neglect are present in any given situation is a question of fact. . Petitioner's Federal income tax return for the year at issue was not filed, and the income tax shown on such return was not paid, until August 30, 1985. Petitioner has failed to prove reasonable cause and a lack of willful neglect with respect to the failure to file and pay. Because petitioner has failed *687 to establish such facts, we sustain respondent's determination with respect to the additions to tax. In light of the foregoing, Decision will be entered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue.↩